**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PERFORMANCE CONTRACTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> RAPID RESPONSE CONSTRUCTION, INC., <br><br> Defendant. | Civil Action No. 09-cv-00639 (RLW) |

**MEMORANDUM OPINION**

Plaintiff Performance Contracting, Inc. ("Performance") brings this action against

Defendant Rapid Response Construction, Inc. ("Rapid"). Performance alleges that it

accidentally overpaid Rapid for its work under a construction subcontract. Performance further

alleges that Rapid's refusal to repay this amount results in a material breach of contract (Count

I), and that Rapid is unjustly enriched as a result of its continued retention of this payment

(Count II). This matter is presently before the Court on Rapid's Motion to Dismiss the

Complaint with Prejudice or, in the Alternative, for Summary Judgment. Having considered the

Motion, Opposition, and Reply, Rapid's Motion is denied**.**

## I.    BACKGROUND[1]

Performance entered into a subcontract agreement with Rapid to perform certain

construction work. Compl. ¶ 8. The subcontract included a provision that Performance would

withhold five percent (5%) of the contract value owed to Rapid, called the retention, until

---

[1]    Unless otherwise noted, this account of the facts reflects the factual allegations in
Performance's complaint and does not incorporate Rapid's response to those factual allegations.

Performance received final payment from the general contractor, Hunt Construction Group, Inc. ("Hunt"), and the project was completed. Id. ¶ 9 and Ex. 1, Subcontract Attachment C § 7.

Initially, Rapid and a company called Blake & Day Construction ("B&D") subcontracted as a joint venture to Performance. Comp. ¶ 11. However, a dispute arose between the parties, and B&D filed a lawsuit naming Rapid, Hunt, and Performance as defendants. Id. The parties eventually settled the litigation, and as part of the settlement terms, Hunt and Performance agreed to escrow all proceeds from the contracts related to Rapid, with Rapid and B&D to decide independently how to distribute the escrowed proceeds. Id.

After the project was completed, Performance performed a routine audit in September 2006 and discovered that Performance had inadvertently paid Rapid the same $166,147.00 retention amount twice. Id. ¶ 12. Performance informed Rapid of the double payment and attempted to make arrangements for refund/return of the extra $166,147.00. Id. ¶ 13. Thereafter, Performance met with officials from Rapid who acknowledged the overpayment and began negotiating how Rapid could repay Performance. Id. ¶ 14. On February 24, 2009, Performance sent Rapid a letter and supporting documentation regarding the overpayment via United Parcel Service (UPS). Id. ¶ 15 & Ex. 3 (2/24/2009 Letter & Exhibits). UPS delivered the package to Rapid on February 25, but it was returned to Performance a month later, having been opened and taped shut bearing a notation from UPS that "RECEIVER DID NOT WANT, REFUSED DELIVERY" and indicating that the original receiver was Rapid Response. Comp. ¶ 15 & Ex. 5 (UPS Return).

Rapid has failed or otherwise refused to refund the overpayment amount of $166,147.00. Comp. ¶ 16. In its Complaint, Performance claims that Rapid's failure to remit a refund of the overpayment after being timely notified is a material breach of the subcontract agreement.

SUMMARY MEMORANDUM AND OPINION; NOT INTENDED FOR PUBLICATION.

Comp. ¶¶ 17-23.  Performance also claims that Rapid did not earn the additional $166,147.00,

and has thus been unjustly enriched by the accidental overpayment.  <u>Id.</u> ¶¶ 24-30.

## II.     LEGAL STANDARD

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient

factual matter, acceptable as true, to state a claim to relief that is plausible on its face."

<u>Anderson v. Holder</u>, 691 F.Supp.2d 57, 61 (D.D.C. 2010) (brackets omitted) (quoting <u>Ashcroft v.</u>

<u>Iqbal</u>, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing <u>Bell Atl. Corp. v.</u>

<u>Twombly</u>, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (internal quotes

omitted).

A court considering a Rule 12(b)(6) motion must construe the complaint in the light most

favorable to plaintiff and must accept as true all reasonable factual inferences drawn from well-

pleaded factual allegations.  <u>In re United Mine Workers of Am. Employee Benefit Plans Litig.</u>,

854 F.Supp. 914, 915 (D.D.C. 1994).

In deciding a motion brought under Rule 12(b)(6), a court does not consider matters

outside the pleadings, but may consider on a motion to dismiss "the facts alleged in the

complaint, documents attached as exhibits or incorporated by reference in the complaint."

<u>Gustave-Schmidt v. Chao</u>, 226 F.Supp.2d 191, 196 (D.D.C.2002).

However, when the Court must consider "matters outside the pleadings" to reach its

conclusion, a motion to dismiss "must be treated as one for summary judgment under Rule 56."

Fed. R. Civ. P. 12(d); <u>see also</u> <u>Yates v. District of Columbia</u>, 324 F.3d 724, 725 (D.C. Cir. 2003);

<u>Winston v. Clough</u>, 712 F.Supp.2d 1, 6 (D.D.C. 2010) ("[W]here both parties submit material

outside the pleadings and the parties are not taken by surprise or deprived of a reasonable

opportunity to contest facts averred outside the pleadings and the issues involved are discrete

legal issues, the court may convert the motion to a motion for summary judgment without providing notice or the opportunity for discovery to the parties.") (internal citations omitted).

Summary judgment is appropriately granted when the moving party demonstrates that there is no genuine issue as to any material fact and that moving party is entitled to judgment as a matter of law. Moore v. Hartman, 571 F.3d 62, 66 (D.C. Cir. 2009) (citing Fed. R. Civ. P. 56(c) and Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986)). "In considering a motion for summary judgment, [a court is to draw] all 'justifiable inferences' from the evidence ... in favor of the nonmovant." Cruz-Packer v. Dist. of Columbia, 539 F.Supp.2d 181, 189 (D.D.C. 2008) (quoting Anderson, 477 U.S. at 255); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III.    DISCUSSION

Rapid argues that Performance's claims should be dismissed because the claims are time-barred.  Def.'s Mem. at 7.  The parties agree that under District of Columbia law, a three-year statute of limitations applies to claims for breach of contract and unjust enrichment.  See D.C. Code § 12-301(7)-(8).  Plaintiff filed its complaint on April 6, 2009.   Thus, any claims that accrue prior to April 6, 2006—three years before the filing of the complaint—are time-barred.

Dismissal based on the affirmative defense of statute of limitations is appropriate when the facts giving rise to the defense are clear from the face of the complaint. Smith – Haynie v. Dist. of Columbia, 155 F.3d 575, 578 (D.C. Cir. 1998).  "[B]ecause statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred." Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996). The Court may dismiss a claim on statute of limitations grounds if "no reasonable person could disagree on the date" on which the cause of action accrued.  Smith v. Brown & Williamson

Tobacco Corp., 3 F.Supp.2d 1473, 1475 (D.D.C. 1998) (citing Kuwait Airways Corp. v. Am. Sec. Bank, N.A., 890 F.2d 456, 463 n. 11 (D.C. Cir. 1989)).

Rapid contends that Performance's claims should be dismissed because the overpayment that serves as a basis for those claims occurred no later than May 6, 2005. Def.'s Mot. at 8. In its opposition, Performance explains that the overpayment actually occurred in August 2006, when Performance made its payment to Rapid pursuant to the 2006 Settlement Agreement. Pl.'s Opp'n at 3. While Performance does not explicitly state in the body of the Complaint when the alleged overpayment was made, the August 2006 payment is reflected in accounting statements attached as exhibits to the Complaint. Because Rapid has failed to satisfy its burden to demonstrate that Performance's claims are "conclusively time-barred" on the face of the complaint, the Court declines to dismiss Performance's claims on statute of limitations grounds at this time.

Alternatively, Rapid asks the Court to grant summary judgment in its favor based on the same statute of limitations argument. Rapid argues that the August 2006 Settlement Agreement establishes that Performance's August 9, 2006 payment made pursuant to the Settlement Agreement cannot form the basis for its claims, and that the operative date for accrual of Performance's claims is December 14, 2005, the date of the last payment made to Rapid under the subcontract agreement. Def.'s Mot. at 10. However, it is not clear from the face of the Settlement Agreement that payments made pursuant to the agreement are unrelated to the subcontract agreement at issue in Performance's breach of contract claim. Indeed, the 2006 Settlement Agreement contains multiple references to the "PCI–Rapid Response Sub-subcontract" that appear to be related to the construction of the Embassy Suites Hotel in Washington, D.C. Thus, the 2006 Settlement Agreement does not conclusively establish that the

alleged overpayment occurred more than three years before Performance filed its complaint.[2]

Rapid has not met its burden to demonstrate the absence of a genuine issue of material fact. The timing of the overpayment that forms the basis for Performance's claims remains a genuine issue of material fact in dispute that precludes an award of summary judgment in Rapid's favor. Accordingly, the Court denies Rapid's motion on summary judgment grounds as well.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment is DENIED. An Order consistent with this Memorandum will be issued.


SO ORDERED.

Date: June 27, 2011                                   _____/s/_____

                                                      Robert L. Wilkins
                                                      United States District Judge

---

[2]     Rapid's motion includes additional arguments related to the 2006 Settlement Agreement. Rapid argues, *inter alia*, that the Settlement Agreement provided that payment be made to a trust account rather than Rapid directly; and that the Settlement Agreement contains "iron-clad releases" that were bargained for in settlement of the litigation. Pl.'s Mot. at 8. These additional arguments would appear to contradict Rapid's claim that the 2006 Settlement Agreement has no relation to the contract at issue; nonetheless, these defenses are unrelated to Rapid's statute of limitations defense and are not properly brought before the Court in the instant motion.